HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I write separately because I do not entirely agree or disagree with either the majority or dissenting opinion. I would vacate the judgment on the basis that the order of disgorgement is not adequately supported. I would, however, permit consideration of a refashioned disgorgement remedy on remand if properly supported.[1]
There is less light between the two opinions than might appear on the surface. The majority understands Roehow’s fiduciary-duty claim as a repackaging of his benefits-denial claim, for which it believes Rochow obtained adequate relief as a result of Rochow I, 482 F.3d 860 (6th Cir.2007), and a potential award of prejudgment interest on remand. Operating un *379 der this conclusion, the majority holds the district court erred when it ordered LINA to disgorge its profits because ERISA, in its view, precludes “a duplicative or redundant remedy ... to redress the same injury.” Maj. Op. 373. The majority opinion does not, however, appear to foreclose disgorgement as an appropriate equitable remedy under § 502(a)(3) in some cases. The dissent too interprets ERISA to authorize equitable relief, including disgorgement of profits, to remedy distinct injuries, such as a plan administrator’s breach of a fiduciary duty owed to plan participants and beneficiaries. Thus, all appear to agree disgorgement of profits is a potential remedy under ERISA. The two opinions part on whether Roehow’s fiduciary-duty claim is merely a repackaging of his benefits-denial claim. This, I believe, is a false dichotomy that imposes a requirement not found in ERISA.
I do not agree that the dispositive inquiry governing the availability of equitable relief under § 502(a)(3) is whether the claim is a repackaging of a benefits-denial claim. Rather, the governing inquiry under ERISA is whether other equitable relief is appropriate under the circumstances, and the extent to which the equitable disgorgement claim duplicates the benefits-denial claim is one factor to be considered in making that determination.
The statutory framework that authorizes “other appropriate equitable relief’ confides the determination whether and what equitable relief is appropriate to judges, who presumably are well equipped to determine when a particular set of circumstances warrants additional relief by focusing on ERISA’s objectives. This understanding of and respect for the discretionary role of the courts in evaluating claims for equitable relief is consistent with the Supreme Court’s statements in Varity Corp. v. Howe, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), which contemplate courts’ sound exercise of their discretion in fashioning appropriate equitable relief:
We should expect that courts, in fashioning “appropriate” equitable relief, will keep in mind the special nature and purpose of employee benefit plans, and will respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others. Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary’s injury, there will likely be no need for further equitable relief, in which case such relief normally would not be “appropriate.”
Id. at 515, 116 S.Ct. 1065 (citations and internal quotation marks omitted). Varity does not require a showing of a “separate and distinct” injury. Maj. Op. 372; cf. id. at 371 (recognizing that Varity “emphasized that ERISA remedies are concerned with the adequacy of relief to redress the claimant’s injury”). Rather, it speaks of injury for which adequate relief has not been elsewhere provided, uses the qualifying terms “likely” and “normally,” and ultimately focuses on the governing word “appropriate.” We should, therefore, address whether additional equitable relief is appropriate here, even discuss the types of considerations that should guide the determinations whether and what equitable relief is appropriate, but we should not preemptively disallow equitable remedies in particular circumstances where ERISA has not done so.
Nevertheless, the majority fashions a bifurcated standard, holding that a breach-of-fiduciary-duty claim is actionable under § 502(a)(3) where the claim is based on “an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 502(a)(1)(B) *380 is otherwise shown to be inadequate.” Id. at 372 (second emphasis added). I find this standard both confusing and unnecessary. If the remedy afforded by Congress under § 502(a)(1)(B) is adequate, it should not matter that the beneficiary suffered an injury separate and distinct from the denial of benefits; I doubt the majority intends otherwise. Conversely, if the remedy afforded by Congress under § 502(a)(1)(B) is inadequate, it also should not matter whether the claimant suffered distinct injuries. Ultimately the question must rest on the majority’s second inquiry — whether the “remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate.” I have no doubt that whether the beneficiary suffered multiple injuries is a factor that is relevant to the ultimate question whether § 502(a)(1)(B) provides adequate relief. But the majority’s focus on whether a fiduciary’s breach of its duties in denying benefits and then withholding them are “separate and distinct” injuries or a single injury seems irrelevant in light of its conclusion that Rochow failed to show that the relief already received together with the relief that might be awarded on remand is inadequate. The majority implicitly acknowledges the dispositive inquiry with its conclusion that Rochow made “no showing that the benefits [he] recovered ..., plus the attorney’s fees awarded, plus the prejudgment interest that may be awarded on remand, are inadequate to make [him] whole.” Id. at 371-72.
Further undermining the separate-and-distinct-injury requirement for relief under § 502(a)(3) is the majority’s acknowledgement that a plaintiff who recovers benefits under § 502(a)(1)(B) can also obtain “other appropriate equitable relief’ under § 502(a)(3) in the form of prejudgment interest, an equitable remedy. The majority allows an interest award even as it asserts that Rochow suffered only one in-
jury that was “adequately remedied under § 502(a)(1)(B),” and that he “did not suffer [a separate and distinct] injury remediable under § 502(a)(3).” Id. at 374-75. Clearly, Rochow was not made whole by the award of benefits and attorney’s fees. Nearly seven years elapsed between the time he sought benefits and when LINA finally paid all benefits that were due. Further equitable relief is necessary to compensate Rochow for LINA’s extraordinary delay in paying benefits. The majority concedes as much in its remand order directing the district court to consider the award of interest, although it leaves the ultimate determination to the district court. But, having acknowledged the possibility that delay in payment might require further appropriate equitable relief, the majority does not explain why one equitable remedy (interest) may be appropriate in a benefits-denial case, but another equitable remedy (disgorgement) is never appropriate in such a case, except to say that there is only one injury.
There is a valid distinction between the two equitable remedies that has nothing to do with whether there is an injury separate and distinct from the denial of benefits: Interest is generally compensatory, while disgorgement is generally geared toward deterring future misconduct. See Drennan v. Gen. Motors Corp., 977 F.2d 246, 253 (6th Cir.1992); The Law of Trusts and Trustees § 484. I share the majority’s concern that Congress did not intend to turn the routine denial of benefits into the basis for a recovery of benefits and also an array of equitable relief, but I would direct that concern to the question whether, in light of the historic distinction between the two equitable remedies, disgorgement constitutes “other appropriate equitable relief’ under the facts of a particular case, and would refrain from announcing what appears to be a blanket *381 rule that bars equitable relief in a benefits-denial case.
Turning to the instant case, the district court did not find that disgorgement of profits is necessary to make Rochow whole, or that Rochow could have earned the same rate of return had he been paid his benefits on time.[2] Rather, the court’s primary basis for awarding further equitable relief was LINA’s unjust enrichment, Order, R. 67 at 5-6, and the disgorgement of profits was largely based on the finding that LINA did not segregate Rochow’s wrongfully withheld benefits and instead left the amount in its general fund to be used for general operating expenses, Rochow v. Life Ins. Co. of N. Am., 851 F.Supp.2d 1090, 1097-98 (E.D.Mich.2012). The district court reasoned that LINA earned a rate of return on Rochow’s benefits that it would not have earned had it segregated the funds in an investment account, and that because Rochow’s money was inseparable from LINA’s money, he is entitled to a percentage of LINA’s return on its investments during this period. However, the district court did not find that either the Plan or ERISA required that Rochow’s disputed benefits be segregated pending resolution of the claim. Nor is it apparent on what basis the dissent concludes that LINA engaged in prohibited self-dealing under 29 U.S.C. § 1106(b). There has been no finding that Roehow’s disputed benefits constituted “plan assets,” or that LINA’s actions in failing to segregate the disputed benefits and leaving them in the general fund constituted self-dealing under ERISA. Without such findings or further explanation, I cannot agree that disgorgement is justified based only on the maxim emphasized by the district court — “if you take my money and make money with it, your profit belongs to me.” Rochow, 851 F.Supp.2d at 1094 (internal quotation marks omitted).
In the absence of such justifications, disgorgement as an equitable remedy in a denial-of-benefits case should be premised on a finding that the decision to deny benefits was not only arbitrary and capricious but also based on impermissible considerations that call for an equitable judicial response geared toward deterring similar decision making in the future, as, for example, where the denial of benefits is not the product of particular claims evaluators’ misguided evaluations, but rather, an organizational policy to delay paying valid claims for as long as possible; or where repeated wrongful denials lead to the conclusion that disgorgement is necessary to assure proper claims processing in the future. See Hill v. Blue Cross & Blue Shield of Mich., 409 F.3d 710, 718 (6th Cir.2005); Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1008 (8th Cir.2004) (quoting 1 Dobbs § 4.3(5), at 611 n.16); Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011). Further, even when these types of considerations support disgorgement, the court should consider the effect of disgorgement on innocent participants in the plan and tailor the remedy accordingly.
To be clear, a finding that disgorgement is an appropriate remedy in such circumstances would be based on the totality of the circumstances of the denial, as well as the consequences of disgorgement, and would not depend on a finding of a separate and independent injury, which, although relevant, may or may not be present.
In .sum, to the extent the majority’s bifurcated rule identifies two circumstances or considerations that might justi *382 fy an award of additional equitable relief, I agree that those circumstances or considerations are relevant; however, to the extent the majority intends to announce a rule that either dictates an award of additional equitable relief where either of those circumstances is present or prohibits such an award where neither is present, I disagree. Ultimately, the governing inquiry is whether additional equitable relief is appropriate, a decision normally left to the sound discretion of the district courts, to be exercised according to the totality of the circumstances surrounding the denial, and subject to review for abuse of discretion. See Tiemeyer v. Cmty. Mut. Ins. Co., 8 F.3d 1094, 1103 (6th Cir.1993). Addressing that question, I conclude that the record as it stands does not support the district court’s exercise of its discretion in awarding the disgorgement ordered here. Thus, I agree that the order should be vacated. I would, however, permit the district court to address on remand the concerns raised here and in the majority opinion, and would not foreclose a disgorgement remedy as “other appropriate equitable relief’ if properly supported on remand.

. This is not to say that such a remedy would be appropriate, only that it might be and that I would not foreclose it at this point.

. The circumstances might, however, support a' finding that interest at the actual market rates during the period of delay would be inadequate compensation for the delay.